IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT BEN RHOADES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-1927-NJR |
| | ) |
| ROB JEFFRIES, RON SKIDMORE, and | ) |
| ANTHONY WILLS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Ben Rhoades, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Rhoades alleges grievances officials held his grievance about shoulder pain for over nine months and he did not see a doctor for over a month after his injury.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Rhoades makes the following allegations: On October 28, 2021, Rob Jeffries denied his grievance which complained of not being able to see a doctor for pain in his shoulder (Doc. 1, p. 6). Ron Skidmore failed to respond to his grievance for nine months, thus denying him access to the healthcare unit. Anthony Wills allowed Skidmore to hold the grievance for more than nine months without requiring a response (*Id.*). He wrote the grievance because he was not able to see a doctor for over a month at Menard (*Id.*).

## Discussion

Simply put, Rhoades's Complaint fails to state a claim for deliberate indifference. He sues only administrative officials and those officials who denied his grievances. But Jeffries and Wills cannot be held liable based solely on their positions as administrators as the doctrine of *respondeat superior* does not apply to Section 1983 actions. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Further, Rhoades alleges that Skidmore merely delayed processing Rhoades's grievance, which does not state a claim. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). None of the defendants actually provided medical care to Rhoades, and he alleges that the actual delay in seeing the doctor was only a little over a month (*Id.* at p. 6). He also does not indicate the type of pain or injury he suffered to his shoulder. His current allegations simply do not suggest deliberate indifference.

## Pending Motions

As to Rhoades's motion for counsel (Doc. 4), he states that he has written several law firms. He also states that he has bad eyesight and an injured hand. But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[1] Further, counsel is not needed at this time because the Court finds that Rhoades is capable of drafting an Amended Complaint. Thus, his motion for counsel (Doc. 4) is **DENIED**. Rhoades may renew his request for counsel at a later date.

## Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice**. Rhoades will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Rhoades must comply with the instructions and deadlines set forth below.

Rhoades is **GRANTED** leave to file a "First Amended Complaint" on or before **November 15, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051

---

[1] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

(7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such a dismissal could count as one of Rhoades's three allotted "strikes" under 28 U.S.C. § 1915(g). Along with his current Complaint, Rhoades has filed several other cases pending before the Court. Should those cases be dismissed as frivolous, they could be counted towards his allotted "strikes" and prevent him from filing future cases without prepayment of fees.[2] As such, the Court will allow Rhoades to either file a First Amended Complaint or seek to dismiss his original Complaint voluntarily by the stated deadline.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, if Rhoades chooses to file an amended pleading, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Rhoades must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. To aid Rhoades in drafting his First Amended Complaint, the Clerk of Court is **DIRECTED** to send Rhoades a Section 1983 Complaint form.

Rhoades is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable,

---

[2] 28 U.S.C. §1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If Rhoades chooses to dismiss his case voluntarily, the Court will not collect the remaining filing fee.

Finally, Rhoades is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  October 18, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**